IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID SALDAÑA | § | |
| | § | |
| V. | § | A-14-CA-992-SS |
| | § | |
| WILLIAM STEPHENS, | § | |
| Director, Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court is Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has paid the filing fee for this case. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

**I.  STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 427th Judicial District Court of Travis County, Texas. Petitioner was convicted of continuous sexual abuse of a child and was sentenced to life in prison without parole on April 15, 2010. Petitioner's conviction was affirmed on August 31, 2012. Saldaña v. State, No. 03-10-00371-CR,

2012 WL 3797611 (Tex. App. – Austin 2012, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review on January 16, 2013. Petitioner admits he did not file a petition for writ of certiorari with the Supreme Court.

Petitioner also challenged his conviction in a state application for habeas corpus relief file-marked on April 10, 2014. The state writ indicates Petitioner placed his state writ in the prison mail on April 1, 2014. The Texas Court of Criminal Appeals denied the state writ without written order on July 9, 2014. Ex parte Saldaña, Appl. No. 81,421-01. Petitioner filed a motion for reconsideration on July 23, 2014. It was disposed of on August 4, 2014.

## II.  DISCUSSION AND ANALYSIS

**A.     Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on April 16, 2013, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

Petitioner's state application for habeas corpus relief tolled the one-year limitations period. Petitioner mailed his state application for habeas corpus relief to the state court on April 1, 2014. The Texas Court of Criminal Appeals denied Petitioner's state application on July 9, 2014. Petitioner then filed a motion to reconsider on July 23, 2014. The motion was disposed on August 4, 2014. At the time Petitioner filed his state application, only 15 days remained of the one-year limitations period. Therefore, Petitioner had until August 19, 2014, 15 days after the Texas Court of Criminal Appeals disposed of his motion for reconsideration, to timely file a federal application for habeas corpus relief. Petitioner did not execute his federal application until October 7, 2014, after the limitations period had already expired.

The federal limitations period is tolled for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" § 2244(d)(2). Texas law provides "a motion for rehearing an order that denied habeas corpus relief ... may not be filed." TEX. R. APP. P. 79.2(d) (West 2003). However, the Court of Criminal Appeals "has entertained motions for reconsideration, notwithstanding the language in ...

3

Rule 79.2(d)." Emerson v. Johnson, 243 F.3d 931, 934 (5th Cir. 2001). When a motion for rehearing is properly filed within the § 2244(d) limitations period, that period is tolled from the date of the habeas denial, as if the motion for rehearing is a further step in the state habeas process. Lookingbill v. Cockrell, 293 F.3d 256, 261 (5th Cir. 2002); Emerson, 243 F.3d at 935; see Melancon v. Kaylo, 259 F.3d 401, 406-07 (5th Cir. 2001) (the intervals between disposition of state habeas application and timely filing of an application for review at the next level are not counted). The limitations period is tolled "only as long as the Texas courts take to resolve the motion or suggestion for reconsideration." Emerson, 243 F.3d at 935.

Petitioner may be asserting he is entitled to equitable tolling because he has had difficulty researching his claims. The AEDPA's statute of limitations is subject to equitable tolling in proper cases. Holland v. Florida, 560 U.S. 631, 645 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 560 U.S. at 649) (alteration in original) (internal quotation marks omitted). Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 560 U.S. at 653 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999) (finding "exceptional circumstances" where trial court granted petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has

4

consistently found no exceptional circumstances even where petitioners faced non-routine logistical hurdles in submitting applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance) Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (no exceptional circumstances where petitioner did not learn of the AEDPA until 43 days after passage and spent 17 days incapacitated during the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (no exceptional circumstances where petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III. RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 7th day of November, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE