IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

DAVID SALDAÑA,
        Petitioner,

-vs-                                            Case No. A-14-CA-992-SS

WILLIAM STEPHENS,
        Respondent.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner David Saldaña's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1], the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#3], and Petitioner's Objections [#5] thereto. Having reviewed the documents, the governing law, and the file as a whole, the Court enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Petitioner is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.

## Background

Petitioner is presently incarcerated pursuant to a judgment and sentence rendered by the 427th Judicial District Court of Travis County, Texas. Following a jury trial, Petitioner was convicted of continuous sexual abuse of a child, and on April 15, 2010, was sentenced to life in prison without parole. His conviction was affirmed on August 31, 2012. *See Saldaña v. State*, No. 03-10-00371-CR, 2012 WL 3797611 (Tex. App.—Austin Aug. 31, 2012, pet. ref'd). The Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review on January 16, 2013. Petitioner did not file a petition for writ of certiorari with the Supreme Court.

Petitioner's state application for habeas corpus relief was filed on April 10, 2014; the application indicates he placed it in the prison mail on April 1, 2014. The TCCA denied the application without written order on July 9, 2014. *See Ex parte Saldaña*, Appl. No. 81,421-01. On July 23, 2014, Petitioner filed a motion for reconsideration, which was denied on August 4, 2014. The instant petition followed.

## Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year limitation period for federal inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). Specifically, § 2244(d)(1) provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The one-year limitation period may be tolled if the petitioner properly files a state application for habeas corpus relief. *Id.* at § 2244(d)(2).

The record reveals no unconstitutional state action which prevented Petitioner from filing nor demonstrates Petitioner lacked knowledge of the factual predicate of his claims until a certain date. Neither do Petitioner's claims concern a constitutional right newly recognized by the Supreme Court. Consequently, the limitation period in Petitioner's case will run from the date on which the judgment against him became final.

Petitioner's conviction became final, at the latest, on April 16, 2013, when his time to file a petition for writ of certiorari with the Supreme Court expired. *See* SUP. CT. R. 13.1 (noting a petition for writ of certiorari is timely if filed "within 90 days after entry of the order denying discretionary review"). The limitation clock began to run on that date and was not tolled until April 1, 2014, the date Petitioner mailed his state habeas application to the court. Thus, at the time Petitioner filed his state habeas application, 350 days of his one-year limitation period had elapsed.

The TCCA finally disposed of Petitioner's state habeas application on August 4, 2014, the date it denied his motion for reconsideration. Consequently, Petitioner had fifteen days from that

date—until August 19, 2014—to timely file an application for federal habeas corpus relief. As Petitioner did not file his application until October 7, 2014, it is untimely filed.

Petitioner argues the Magistrate Judge failed, in calculating the expiration of the limitation period, to account for the pro se "Motion for Extension of Time to File a 2254" Petitioner filed with the TCCA on August 18, 2014, after the TCCA had already disposed of his motion for reconsideration. The motion for extension asked the TCCA to grant Petitioner a ninety-day extension of time to prepare his § 2254 application. The TCCA dismissed the motion on August 20, 2014. The Magistrate Judge did not err in ignoring Petitioner's motion for extension of time in calculating the expiration of the limitation period. First, the TCCA lacks authority to grant (and did not grant) any such extension. Further, even had petitioner filed his motion for extension of time in this Court, this Court would have lacked jurisdiction to grant it. *See, e.g., Braz v. Thaler*, No. 3:11-CV-0993-M (BK), 2011 WL 2314086, at *1 (N.D. Tex. May 20, 2011) (request for an extension of time neither commences a federal habeas action nor provides grounds for assertion of subject matter jurisdiction), *adopted* 2011 WL 2312292, at *1 (N.D. Tex. June 9, 2011).

Finally, to the extent Petitioner argues he is entitled to equitable tolling, his argument is rejected. "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland v. Florida*, 560 U.S. 631, 645 (2010)). In evaluating whether extraordinary circumstances exist such that equitable tolling should be permitted, courts "must examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806 (5th

Cir. 1998)). The Fifth Circuit has found no such circumstances even where petitioners faced non-routine logistical hurdles in making filings. *See, e.g.*, *Fisher*, 174 F.3d 710, 714 (5th Cir. 1999) (no extraordinary circumstances where (1) AEDPA did not arrive in prison library until 43 days after its effective date and (2) petitioner spent 17 days confined in psychiatric evaluation unit).

No such "rare and exceptional circumstances" exist here. Petitioner complains the materials in the prison library are poorly updated, the "set up" of the library is inadequate, and "noise, traffic, and the like" distract him while he is in the library.[1] Objections [#5] at 1. These complaints are neither rare nor exceptional, and provide no grounds for equitable tolling in Petitioner's case. *See, e.g.*, *Fisher*, 174 F.3d at 714 ("Congress knew AEDPA would affect incarcerated individuals with limited access to outside information[.]"). Consequently, Petitioner's habeas action is time-barred.

## Conclusion

Having independently reviewed the record, the Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of the facts in light of the evidence presented. Thus, the Court agrees with the Magistrate Judge's conclusion Petitioner is not entitled to habeas relief.

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

---

[1] Petitioner also rails against "the empowered" and compares mandatory electronic filing to "the KKK." Objections [#5] at 1, 2.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Petitioner's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

Accordingly,

  IT IS ORDERED that Petitioner David Saldaña's Objections [#5] are OVERRULED;

  IT IS FURTHER ORDERED that the Report and Recommendation of the United States Magistrate Judge [#3] is ACCEPTED;

  IT IS FURTHER ORDERED that Petitioner's Petition for Writ of Habeas Corpus [#1] is DISMISSED WITH PREJUDICE as time-barred; and

  IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 5th day of December 2014.

                                                              */s/ Sam Sparks*
                                                              SAM SPARKS
                                                              UNITED STATES DISTRICT JUDGE